IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONY BREWER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-167-RAW-KEW |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Tony Brewer (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 52 years old at the time of the ALJ's decision. Claimant completed his high school education as well as fire training school and EMT certification. Claimant has worked in the past as a refrigeration mechanic and route driver. Claimant alleges an inability to work beginning October 24, 2009 due to limitations resulting from problems with his shoulder, knee, left arm and hip, and back, hearing problems, sleep problems, and depression.

### Procedural History

On January 3, 2013, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act.  Claimant's application was denied initially and upon reconsideration.  On July 15, 2014, Administrative Law Judge ("ALJ") Gene Kelly conducted an administrative hearing by video with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding in Tulsa, Oklahoma.  On November 4, 2014, the ALJ issued an unfavorable decision.  On March 21, 2016, the Appeals Council denied review.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform a full range of light work with limitations.

### Error Alleged for Review

Claimant asserts the ALJ committed error in failing to outline the parameters of the sit/stand option provided in the RFC.

### Alternating Sit/Stand Option in RFC

In his decision, the ALJ determined Claimant suffered from the severe impairments of remote history of bicep tendon rupture, status

4

post bilateral rotator cuff surgery, osteoarthritis of the knees and hips, hypothyroidism, and degenerative disc disease of the lumbar spine. (Tr. 14). The ALJ concluded Claimant could perform a full range of light work. In so doing, he found Claimant could lift/carry ten pounds frequently and 20 pounds occasionally; stand/walk for six hours in an eight hour workday; and sit for six hours in an eight hour workday. The ALJ found Claimant was afflicted with symptomatology from a variety of sources that produced mild to moderate chronic pain, which was of sufficient severity to be noticeable to him at all times, but nonetheless he should be able to remain attentive and responsive in a work setting and carry out work assignments satisfactorily. The medications Claimant took for relief did not preclude him from functioning at the level as restricted and he would remain reasonably alert to perform required functions in the work setting. The ALJ determined Claimant would need to change position from time to time but that he would not be required to leave the work station. (Tr. 16).

After consulting with a vocational expert, the ALJ concluded that Claimant retained the RFC to perform the representative jobs of parking lot attendant and courier, both of which were found to exist in sufficient numbers regionally and nationally. (Tr. 23). As a result, the ALJ found Claimant was not disabled from October 24, 2009 through the date of the decision. Id.

Claimant contends the ALJ specified a sit/stand option in the RFC without designating the frequency required for alternating between sitting and standing.  Claimant relies upon the ruling which provides that the ALJ "must be specific as to the frequency of the individual's need to alternate sitting and standing." Soc. Sec. R. 96-9p, 1996 WL 374185, at *7.  This section, however, expressly applies only to a sit/stand option when the RFC restricts the claimant to sedentary work or less than sedentary work.  Id. The ALJ provided that Claimant could perform a full range of light work.  The concern in the ruling is understandable as it relates to sedentary work because the Commissioner must be particularly cautious when the cache of available sedentary jobs is eroded by additional restrictions such as an alternating sit/stand option. That concern is not present in the current case when Claimant is only restricted to light work.

Moreover, the ALJ engaged in a specific discussion of the intended extent of the restriction with the vocational expert, providing a further clarification of his RFC.  (Tr. 60-61).  As a result, this Court finds no error in the inclusion of the change in position restriction set forth in the RFC by the ALJ.

## Conclusion

The decision of the Commissioner is supported by substantial

evidence and the correct legal standards were applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

    DATED this 24th day of July, 2017.

                                                   _____
                                                 KIMBERLY E. WEST
                                               UNITED STATES MAGISTRATE JUDGE